# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CR 513 | **DATE** | 6/15/2012 |
| **CASE TITLE** | United States vs. Philip MacMahon, et al. | | |

**DOCKET ENTRY TEXT**

The Court rules on defendants' pretrial motions as stated below. The Clerk is directed to terminate motions 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112 and 113.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

The Court rules as follows on the pretrial motions filed by defendants Richard Stokes and Ahmed Idowu:

1. <u>Motion for disclosure of confidential information</u>: This motion is denied as moot based on the government's response that it has produced the informant's identity to defense counsel and will produce the contact information that defendant has requested.

2. <u>Early return subpoenas</u>: The motion for early return subpoenas is granted; both parties are granted leave to serve subpoenas *duces tecum* with a return date prior to trial. However, because a subpoena is the Court's process, both parties are directed to make available to opposing counsel, upon receipt, any documents, materials, or things obtained pursuant to subpoena.

3. <u>Coconspirator declarations</u>: Consistent with the government's response, the Court directs the government to file a *Santiago* proffer no less than 28 days prior to trial.

4. <u>Expert disclosures</u>: The government is directed to make any and all Rule 16(a)(1)(E) disclosures no less than 4 weeks prior to trial. If the government does so, defendant is directed to make any and all Rule 16(b)(1)(C) disclosures no less than 2 weeks prior to trial.

5. <u>Agents' notes</u>: The motion to preserve handwritten notes of government agents is granted.

6. <u>Other act evidence</u>: The Court directs the government to disclose all other act evidence that it intends to offer in its case in chief, to impeach any witness (including a defendant), or in rebuttal. *See* Fed. R. Evid. 404(b), 1991 Advisory Committee Notes; *United States v. Vega,* 188 F.3d 1150 (9th Cir. 1999). The government must provide a written disclosure of the nature of the evidence, including a general description

| STATEMENT |
|---|

of the act or acts and the dates, places, and persons involved, and a statement of the issue or issues on which the government believes the evidence is relevant and admissible. It must also produce any documents which contain or constitute evidence of any such other acts. As the government has already agreed, the disclosures must be made no less than 28 days prior to trial, though the Court encourages the government to consider earlier production to facilitate pretrial resolution of admissibility issues and avoid the possible need for a continuance.

As a general rule, a defendant is not entitled to pretrial production of material to be used for impeachment purposes pursuant to Fed. R. Evid. 608(b). However, to the extent that evidence that may be used to impeach under Rule 608(b) also constitutes "other act" evidence within the meaning of Rule 404(b) and the 1991 Advisory Committee Notes to that Rule, or evidence subject to disclosure under Rule 16, the fact that it might also be admissible under Rule 608(b) does not excuse the government from pretrial disclosure pursuant to the previous paragraph of this order.

*See generally United States v. Lim,* No. 99 CR 689, 2000 WL 782964, at *1-2 (N.D. Ill. June 15, 2000).

7.  *Brady / Giglio* material: The government says in response to defendants' *Brady-Giglio* motions that it is unaware of any exculpatory evidence and that it understands and will honor its *Brady / Giglio* obligations; it asks the Court to deny the motion as moot. As the Court stated in rejecting a similar argument in *United States v. Lim,* No. 99 CR 689, 2000 WL 782964, at *3 (N.D. Ill. June 15, 2000):

> *Brady'*s obligations are, to some extent, self-executing, see generally *United States v. Agurs,* 427 U.S. 97, 107-13 (1976), but acceptance of the government's "mootness" position leaves it entirely up to the prosecutor (who is, after all, an advocate in an adversary system) to determine what may and may not be exculpatory or impeaching. Drawing an analogy to civil litigation, calling a defendant's *Brady-Giglio* request "moot" simply because the government says it understands *Brady* and *Giglio* would be the equivalent of eliminating all civil discovery requests and leaving it entirely up to each party to decide on its own what discovery is called for by Federal Rule of Civil Procedure 26(b)(1)'s statement that matter "which is relevant to the subject matter involved in the pending action" is discoverable. No civil lawyer would accept such a proposition, at least not without kicking and screaming, and this Court will not accept it in criminal cases. In short, defendant's motion is in no way "moot."

Defendant Stokes' requests 3 and 4 and defendant Idowu's requests 7, 8, and 9 seek evidence that would exculpate the defendant. The Court grants these requests and directs the government to produce any responsive material within 21 days of this order. Stokes' requests 1 and 2 and Idowu's requests 1 through 6 seek impeachment material. The Court grants these requests and directs the government to produce any responsive material at least 21 days prior to trial.

8.  Investigative services: Defendant Idowu's motion for appointment of an investigator is terminated without prejudice to proper presentation of a proposed CJA voucher with a memorandum describing the work to be performed and its necessity.